IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BRETT ELIASON, et al.,<br><br>             Plaintiffs,<br><br>     vs.<br><br>UNITED STATES DEPARTMENT OF JUSTICE, et al.,<br><br>             Defendants. | CIVIL NO. 20-00257 JAO-WRP<br><br>ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED OR TRANSFERRED FOR IMPROPER VENUE |

**ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED OR TRANSFERRED FOR IMPROPER VENUE**

Plaintiffs commenced this action on June 4, 2020 against Defendants U.S. Department of Justice; Corporation of the President of the Church of Jesus Christ of Latter-Day Saints; Kirton McConkie, P.C.; Craig McCullough; Bryan P. Stephens; Stephens Management Company; and Lisa Stephens. Although the Complaint is largely incomprehensible, Plaintiffs allege that Defendants committed RICO violations.

Based on the Court's review of the Complaint, it appears that venue is improper. Plaintiffs bear the burden of demonstrating that venue is proper. *See Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979). "Venue is determined at the time the action is commenced." *Haney v.*

*United Airlines, Inc.*, No. 15-CV-00474-VC, 2016 WL 11576197, at *1 (N.D. Cal. Aug. 3, 2016) (citations omitted).  The Court may sua sponte raise improper venue so long as the defendant has not filed a responsive pleading and the parties are provided with an opportunity to respond to the issue.  *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986) (citations omitted); *Emrit v. Horus Music Video Distribution*, No. CV 20-00007 JMS-RT, 2020 WL 1822597, at *3 (D. Haw. Apr. 10, 2020) (stating that "[a] district court may raise the issue of defective venue on its own motion, provided it first issues an order to show cause why the case should not be transferred or dismissed" (citations omitted)); *Havensight Capital LLC v. People's Republic of China*, CV 15-01206 DDP (FFMx), 2015 WL 12778414, at *1 n.1 (C.D. Cal. Apr. 30, 2015); *Zhu v. Whinery*, 109 F. App'x 137, 138 (9th Cir. 2004) (affirming dismissal of case based on improper venue following an order to show cause).

> A federal civil action is properly venued in:
>
> > (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> > (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> > (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).  For the purposes of venue, a natural person is deemed to reside in the judicial district in which he or she is domiciled, whereas a defendant entity is deemed to reside in any judicial district in which it is subject to the court's personal jurisdiction with respect to the pertinent civil action.  *See* 28 U.S.C. § 1391(c)(1)–(2).

Civil actions involving agencies of the United States may be brought in any judicial district in which:

> (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action.

28 U.S.C. § 1391(e)(1).

Here, the Complaint does not allege any basis for venue in Hawaiʻi.  First, none of the parties "reside" in Hawaiʻi.  Plaintiffs provide Utah addresses for the individual Defendants; there is no indication that the entity Defendants are subject to the court's personal jurisdiction with respect to this case; and Defendant Department of Justice is a resident of the District of Columbia.  *See Downey v. US*, No. CV 19-00406 LEK-WRP, 2019 WL 4143288, at *4 (D. Haw. Aug. 30, 2019) ("The United States, like its agencies, is considered to reside in Washington D.C. for purposes of § 1391(e)(1)(A)."); *W. Watersheds Project v. Zinke*, No. 1:18-CV-00187-REB, 2018 WL 4210774, at *4 (D. Idaho Sept. 4, 2018) (citation omitted)

("[F]ederal agency defendants are generally deemed to reside in the District of Columbia."). Moreover, Plaintiffs do not reside in Hawaiʻi. Plaintiff Brett Eliason ("Eliason") elected to file this matter in this district because of his "deep roots" in Hawaiʻi,[1] and because he is unable to obtain decisions from Chief Judge Robert J. Shelby of the U.S. District Court for the District of Utah or Chief Judge Philip A. Brimmer of the U.S. District Court for the District of Colorado.[2] Compl. at 7. The foregoing do not establish venue, and instead suggest forum shopping.

Second, no events or omissions giving rise to the claims in this action occurred in Hawaiʻi, nor is any property—to the extent property is the subject of this litigation—situated in Hawaiʻi, much less substantial portions thereof.

Where, as here, Plaintiffs assert RICO claims, the Court also considers RICO's special venue provision, which authorizes any civil enforcement action to be brought "in the district court of the United States for any district in which [a defendant] resides, is found, has an agent, or transacts his affairs." 18 U.S.C. § 1965(a). "Transacts his affairs" requires "business of a substantial and continuous character." *King v. Vesco*, 342 F. Supp. 120, 124 (N.D. Cal. 1972); *see*

---

[1] Eliason represents that he resides in Utah and that he has owned two properties on Oahu for over five years. Compl. at 2.

[2] Eliason states that Chief Judges Shelby and Brimmer are defendants in this case but they are neither listed in the caption nor included in the "DEFENDANTS" section of the Complaint. *Id.* at 4–7.

*also Taal v. St. Mary's Bank*, No. 5:19-CV-25, 2019 WL 8349005, at *5 (D. Vt. Dec. 10, 2019) ("Section 1965(a) 'requires that the affairs transacted in the district be substantial.'" (quoting *Corso v. Franz*, No. 16-CV-2384, 2018 WL 1513639, at *2 (E.D.N.Y. Mar. 27, 2018)); *Pincione v. D'Alfonso*, 506 F. App'x 22, 24 (2d Cir. 2012) (requiring business to "be substantial in character, so that there is some amount of business continuity and certainly more than a few isolated and peripheral contacts with the particular judicial district" (citations and quotations omitted)).  As already discussed, Defendants do not reside in or transact their affairs in Hawai'i.

For these reasons, it appears that venue is improper.  When venue is improper, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); *see also Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 56 (2013) (explaining that when venue is improper, "the case must be dismissed or transferred under § 1406(a)").  Accordingly, **by July 16, 2020**, Plaintiffs are ORDERED TO SHOW CAUSE why this action should not be dismissed or transferred for improper venue.  Alternatively, if Plaintiffs no longer wish to pursue this action in Hawai'i, they may submit a notice of dismissal in conformance with Local Rule 41.1 voluntarily dismissing this action without prejudice **by July 16, 2020**.

Plaintiffs are cautioned that failure to establish that venue is proper or to comply with this Order to Show Cause in any respect will result in the dismissal of this action without prejudice.

IT IS SO ORDERED.

Dated: Honolulu, Hawai'i, June 16, 2020.



Jill A. Otake
United States District Judge

CIVIL NO. 20-00257 JAO-WRP; *Eliason, et al. v. U.S. Dep't of Justice, et al.*; ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED OR TRANSFERRED FOR IMPROPER VENUE