IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BRETT ELIASON, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> UNITED STATES DEPARTMENT OF JUSTICE, et al., <br><br> Defendants. | CIVIL NO. 20-00257 JAO-WRP <br><br> ORDER DISMISSING ACTION WITHOUT PREJUDICE |

**ORDER DISMISSING ACTION WITHOUT PREJUDICE**

Plaintiffs commenced this action on June 4, 2020 against Defendants U.S. Department of Justice; Corporation of the President of the Church of Jesus Christ of Latter-Day Saints; Kirton McConkie, P.C.; Craig McCullough; Bryan P. Stephens; Stephens Management Company; and Lisa Stephens.  Although the Complaint is largely incomprehensible, Plaintiffs allege that Defendants committed RICO and other violations.  On June 15, 2020, the Court issued an Order to Show Cause Why This Action Should Not be Dismissed or Transferred for Improper Venue ("OSC").  ECF No. 9.  Noting that Plaintiffs failed to assert a basis for venue in Hawaiʻi, the Court ordered Plaintiffs to file a response and cautioned that failure to establish that venue is proper would result in the dismissal of this action. *Id.*

On July 3, 2020, Plaintiffs filed a document titled "RESPONSE AND OBJECTION TO THE DEFENDANTS MOTION TO HAVE THIS MATTER DISMISSED AND THEIR ASSOCIATED CHALLENGE OF JURISDITION [sic] AND/OR IMPROPER VENUE. SECOND MOTION FOR THE CLERK OF THE DISTRICT OF HAWAII TO EXECUTE A CLAIM OF UNCONSTITUTIONALITY FORM AS PER 28 U.S. CODE § 2403 GENERAL OF THE STATE OF HAWAII AND MOTION FOR SUMMARY JUDGMENT AGAINST THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS AND THE LAW OFFICES OF KIRTON MCCONKIE PC."[1] ECF No. 10. Because Plaintiffs have not established that venue is proper here, the Court DISMISSES this action without prejudice.

DISCUSSION

Plaintiffs bear the burden of demonstrating that venue is proper. *See Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979). "Venue is determined at the time the action is commenced." *Haney v. United Airlines, Inc.*, No. 15-CV-00474-VC, 2016 WL 11576197, at *1 (N.D. Cal. Aug. 3, 2016) (citations omitted). Plaintiffs erroneously believe that Defendants

---

[1] The Court only addresses the portion of this document related to the OSC.

have challenged venue and requested dismissal.² The Court, not Defendants, raised the venue issue. As explained in the OSC, the Court may sua sponte raise improper venue so long as the defendant has not filed a responsive pleading and the parties are provided with an opportunity to respond to the issue. *See Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986) (citations omitted); *Emrit v. Horus Music Video Distribution*, No. CV 20-00007 JMS-RT, 2020 WL 1822597, at *3 (D. Haw. Apr. 10, 2020) (stating that "[a] district court may raise the issue of defective venue on its own motion, provided it first issues an order to show cause why the case should not be transferred or dismissed" (citations omitted)); *Havensight Capital LLC v. People's Republic of China*, CV 15-01206 DDP

---

² Plaintiffs accuse the Court of corresponding with Defendants and entering the OSC—which Plaintiffs characterize as Defendants' "Proposed Order"—without allowing Plaintiffs to respond. ECF No. 12 at 2 ("The concerns have grown exponentially as Judge Otake rebuked the plaintiff/victim for making a plea of mercy directly to her chambers to assure she understood the dire situation; and yet the associated filing by the Defendants to dismiss and challenge the venue was posted on the Pacer System after it had already been executed by Judge Otake which implies that the Defendants were able to correspond with the United States District Court for the District of Hawaii and Judge Otake in her private chambers as the related 'Proposed Order' was executed and filed without the Defendants [sic] 'Proposed Order' ever being filed on the Pacer system for the Victim to challenge."). Their speculation is completely unfounded. No such communications occurred. Defendants have yet to appear in this action and according to the record, Plaintiffs have not submitted proposed summonses, let alone served Defendants.

Plaintiffs also mistakenly believe that there is an injunction hearing on August 3, 2020. ECF No. 12 at 1. The only matter presently scheduled on August 3, 2020, or at all, is the Rule 16 Scheduling Conference. ECF No. 4.

(FFMx), 2015 WL 12778414, at *1 n.1 (C.D. Cal. Apr. 30, 2015); *Zhu v. Whinery*, 109 F. App'x 137, 138 (9th Cir. 2004) (affirming dismissal of case based on improper venue following an order to show cause).  And in conformance with the applicable law, the Court issued the OSC identifying the venue issues and provided Plaintiffs with an opportunity to respond.  Plaintiffs availed themselves of this opportunity and the Court now considers their response.

A.  <u>28 U.S.C. § 1391(b)</u>

Plaintiffs argue that venue is proper here because (1) Defendant Corporation of the President of The Church of Jesus Christ of Latter-Day Saints ("LDS Corporation") resides in Hawaiʻi given its extensive operations, including the LDS Temple, Brigham Young University Hawaiʻi, and the Polynesian Cultural Center; (2) since 2013, Defendants Bryan and Lisa Stephens were empowered to intentionally destroy Plaintiff Brett Eliason's cash flow which led to the foreclosure in 2016 of his s two condominiums in Honolulu, Hawaiʻi; (3) it is necessary for the sake of justice.  A federal civil action is properly venued in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in

>  which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).  For the purposes of venue, a natural person is deemed to reside in the judicial district in which he or she is domiciled, whereas a defendant entity is deemed to reside in any judicial district in which it is subject to the court's personal jurisdiction with respect to the pertinent civil action.  *See* 28 U.S.C. § 1391(c)(1)–(2).  "The requirement of venue is specific and unambiguous; it is not one of those vague principles which, in the interest of some overriding policy, is to be given a 'liberal' construction." *Olberding v. Ill. Cent. R. Co.*, 346 U.S. 338, 340 (1953).

Regardless of whether Defendant LDS Corporation "resides" in Hawaiʻi, i.e., is subject to the Court's personal jurisdiction, § 1391(b)(1) does not provide a basis for venue because *all* Defendants are not residents of Hawaiʻi.  *See* 28 U.S.C. § 1391(b)(1).  Indeed, Plaintiffs allege that the individual Defendants reside in Utah and Defendant Department of Justice is generally deemed a resident of the District of Columbia.[3]  *See Downey v. US*, No. CV 19-00406 LEK-WRP, 2019 WL

---

[3] In the OSC, the Court referenced multiple venue provisions, including the nationwide venue provision for actions against agencies of the United States. *See* 28 U.S.C. § 1391(e)(1).  Because this action involves non-governmental Defendants, the Court looks to § 1391(b) instead. *See id.* ("Additional persons may be joined as parties to any such action in accordance with the Federal Rules of Civil Procedure and with such other venue requirements as would be applicable if the United States or one of its officers, employees, or agencies were not a party.");

4143288, at *4 (D. Haw. Aug. 30, 2019) ("The United States, like its agencies, is considered to reside in Washington D.C."); *W. Watersheds Project v. Zinke*, No. 1:18-CV-00187-REB, 2018 WL 4210774, at *4 (D. Idaho Sept. 4, 2018) (citation omitted) ("[F]ederal agency defendants are generally deemed to reside in the District of Columbia.").

Plaintiffs contend that venue is also proper here because Plaintiff Brett lost two condominiums in Hawaiʻi to foreclosure due to Defendants Bryan and Lisa Stephens' destruction of cash flow through property theft. However, the allegations do not concern events or omissions here, nor are Plaintiff Brett's condominiums the subject of this action. As best the Court can discern, this case arises from the purported embezzlement of Plaintiff Brett's parent's $200 million estate, which appears to have occurred in Utah.

Plaintiffs lastly argue that venue is proper if there is no other district in which the action may be brought "to ensure that the Victims Rights and the Due Process of Law are respected a defined by the United States Constitution and the associated Bill of Rights." ECF No. 10 at 5. Section 1391(b)(3), the provision

---

*Stafford v. Briggs*, 444 U.S. 527, 543 (1980) (Section 1391(e) applies in civil actions "in which each defendant is an officer or employee of the United States" (citation omitted)).

upon which Plaintiffs rely, only applies "if there is no district in which an action may otherwise be brought as provided in this section." 28 U.S.C. § 1391(b)(3). The allegations suggest that there is another district where this action could be brought; therefore, § 1391(b)(3) does not provide a basis for venue here.

Plaintiff Brett elected to file this matter in this district because of his "deep roots" in Hawaiʻi, and because he is unable to obtain decisions from Chief Judge Robert J. Shelby of the U.S. District Court for the District of Utah or Chief Judge Philip A. Brimmer of the U.S. District Court for the District of Colorado. Compl. at 7. These are not bases for venue under § 1391(b).

B.  18 U.S.C. § 1965

Where, as here, Plaintiffs assert RICO claims, the Court also considers RICO's special supplemental venue provision, which authorizes any civil enforcement action to be brought "in the district court of the United States for any district in which [a defendant] resides, is found, has an agent, or transacts his affairs." 18 U.S.C. § 1965(a). "Transacts his affairs" requires "business of a substantial and continuous character." *King v. Vesco*, 342 F. Supp. 120, 124 (N.D. Cal. 1972); *see also Taal v. St. Mary's Bank*, No. 5:19-CV-25, 2019 WL 8349005, at *5 (D. Vt. Dec. 10, 2019) ("Section 1965(a) 'requires that the affairs transacted in the district be substantial.'" (quoting *Corso v. Franz*, No. 16-CV-2384, 2018 WL 1513639, at *2 (E.D.N.Y. Mar. 27, 2018)); *Pincione v. D'Alfonso*, 506 F.

App'x 22, 24 (2d Cir. 2012) (requiring business to "be substantial in character, so that there is some amount of business continuity and certainly more than a few isolated and peripheral contacts with the particular judicial district" (citations and quotations omitted)). "[A]s a general matter, courts have interpreted special venue provisions to supplement, rather than preempt, general venue statutes." *Go-Video, Inc. v. Akai Elec. Co.*, 885 F.2d 1406, 1409 (9th Cir. 1989) (citations omitted).

Plaintiffs cannot establish venue under § 1965(a). While they might be able to demonstrate that Defendant LDS Corporation transacts affairs in Hawaiʻi, the individual Defendants do not reside here. Moreover, as noted above, it appears that venue would be proper in another district.

C. Jurisdiction

Conflating venue and subject matter jurisdiction, Plaintiffs appear to believe that diversity jurisdiction and supplemental jurisdiction enable the Court to address this action. Plaintiff has already asserted federal question jurisdiction as the basis for subject matter jurisdiction, and even if diversity jurisdiction existed (which is does not), it would not cause venue to be proper here. The same is true of supplemental jurisdiction; venue does not lay just because a Court has jurisdiction over an action or claims. Subject matter jurisdiction and venue are distinct legal concepts. The former governs whether an action can be brought in federal court, whereas the latter is about where the action may be brought.

Federal district courts have original jurisdiction over cases where the amount in controversy exceeds $75,000, exclusive of interest and costs, and where the matter in controversy is between citizens of different states. 28 U.S.C. § 1332(a)(1). Complete diversity of citizenship requires that each of the plaintiffs be a citizen of a different state than each of the defendants. *See Williams v. United Airlines, Inc.*, 500 F.3d 1019, 1025 (9th Cir. 2007) (citing *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005)); *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). Based on Plaintiffs' allegations in the Complaint, multiple of them share the same citizenship as multiple Defendants. Therefore, diversity jurisdiction does not exist, and even if it did, venue would not be proper here.

For these reasons, venue is improper. When venue is improper, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); *see also Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 56 (2013) (explaining that when venue is improper, "the case must be dismissed or transferred under § 1406(a)"). Exercising its discretion, the Court DISMISSES this action without prejudice. Although it appears that this action could have been brought in Utah, the interest of justice would not be served by transferring the case.

IT IS SO ORDERED.

Dated: Honolulu, Hawai'i, July 13, 2020.

/s/ Jill A. Otake

Jill A. Otake
United States District Judge

CIVIL NO. 20-00257 JAO-WRP; *Eliason, et al. v. U.S. Dep't of Justice, et al.*; ORDER DISMISSING ACTION WITHOUT PREJUDICE